## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS CRUMPTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2025 CV 2 |
| | ) | |
| v. | ) | JUDGE |
| | ) | |
| CHICAGO POLICE OFFICER VEGA | ) | MAG. JUDGE |
| STAR #17477; CHICAGO POLICE OFFICER | ) | |
| GARCIA, STAR #15018; and THE CITY OF | ) | |
| CHICAGO, a Municipal Corporation, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

### FIRST AMENDED COMPLAINT AT LAW

NOW COMES, the PLAINTIFF, CARLOS CRUMPTON, by and through his attorney, JEFFREY J. NESLUND, LAW OFFICE OF JEFFREY J. NESLUND and in complaining of the DEFENDANTS, CHICAGO POLICE OFFICER VEGA STAR #17477; CHICAGO POLICE OFFICER GARCIA, STAR #15018; and THE CITY OF CHICAGO, a Municipal Corporation,, states as follows:

### INTRODUCTION

1. This is an action for civil damages brought under Illinois State law and 42 U.S.C. Sec. 1983 for the deprivation of PLAINTIFF's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C. sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3. PLAINTIFF, CARLOS CRUMPTON, is an individual who at all times relevant hereto was present in the Northern District of Illinois.

4. DEFENDANTS, CHICAGO POLICE OFFICER VEGA STAR #17477 and

1

CHICAGO POLICE OFFICER GARCIA, STAR #15018, 9 hereinafter referred to as "DEFENDANT OFFICERS") were at all times material hereto, duly appointed Chicago Police Officers employed by the DEFENDANT City of Chicago acting in the capacity of sworn law enforcement officials.

5. The DEFENDANT, City of Chicago (hereinafter referred to as "CITY"), at all relevant times, was an Illinois Municipal Corporation, duly chartered and organized under the Laws of the State of Illinois, located entirely within this Judicial District.

**FACTUAL SUMMARY**

6. On April 9, 2021, the DEFENDANT OFFICERS were patrolling 63rd Street in Chicago, conducting random traffic stops and illegal searches of vehicles.

7. On April 9, 2021, the DEFENDANT OFFICERS initiated a traffic stop of a vehicle in which the Plaintiff, CARLOS CRUMPTON, was a passenger.

8. The DEFENDANT OFFICERS forcibly removed the driver and four passengers from the vehicle, including Plaintiff CARLOS CRUMPTON, and placed them into handcuffs.

9. The DEFENDANT OFFICERS recovered a handgun from the vehicle and told the five occupants, including Plaintiff CARLOS CRUMPTON, "we can play hot potato, and put this gun on anyone."

10. The DEFENDANT OFFICERS did not have probable cause to believe that Plaintiff CARLOS CRUMPTON possessed or had knowledge of the recovered firearm.

11. The DEFENDANT OFFICERS conspired to charge the Plaintiff with false criminal offenses, including unlawful possession of a firearm. In furtherance of this conspiracy, the DEFENDANT OFFICERS authored false statements in sworn police reports and criminal complaints and made false statements to prosecutors.

12. As a result of the misconduct of the DEFENDANT OFFICERS outlined above, the Plaintiff was charged and convicted of the felony offense of unlawful possession of a firearm in Cook County Criminal Case No. 21 CR 6294 and sentenced to six (6) years in the Illinois Department of Corrections.

13. On September 20, 2024, the Illinois First District Court of Appeals reversed the Plaintiff's conviction in Cook County Criminal Case No. 21 CR 6294, casting doubt on the DEFENDANT OFFICERS testimony, concluding there was no evidence tying Plaintiff CARLOS CRUMPTON to the recovered weapon.

14. But for the misconduct of the DEFENDANT OFFICERS outlined above, the criminal prosecution of the Plaintiff could not and would not have occurred.

## COUNT I
### Fourth Amendment Claim for Deprivation of Liberty

15. Plaintiff repeats, re-alleges and incorporates by reference the factual allegations above as fully set forth herein.

16. As a result of evidence fabricated by the DEFENDANTS, the Plaintiff was incarcerated and deprived of his liberty.

17. But for the misconduct of the DEFENDANTS outlined above, the Plaintiff would not have suffered a deprivation of his liberty.

18. The misconduct of DEFENDANTS outlined above proximately caused injuries to the Plaintiff, including, but not limited to, loss of normal life, prolonged incarceration, loss of income, humiliation, embarrassment, and severe emotional distress.

## COUNT II
### Section 1983 Conspiracy Claims

19. Plaintiff repeats, re-alleges and incorporates by reference the factual allegations above as fully set forth herein.

20. DEFENDANTS conspired and agreed to unlawfully use the police powers of the DEFENDANT OFFICERS to violate the civil rights of the Plaintiff.

21. The DEFENDANTS took overt acts in furtherance of their conspiracy by fabricating evidence, including authoring false sworn police reports and criminal complaints; and making false statements to prosecutors.

22. This agreement between the DEFENDANTS violated the Plaintiff's constitutional rights and proximately caused injury to the Plaintiff, including, but not limited to loss of normal life, prolonged incarceration, loss of income, emotional pain and suffering, humiliation, embarrassment, and severe emotional distress.

## COUNT III
### Malicious Prosecution
(All Defendants)

23. Plaintiff repeats, re-alleges and incorporates by reference the factual allegations above as fully set forth herein.

24. Plaintiff was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor.

25. The DEFENDANT OFFICERS accused PLAINTIFF of criminal activity knowing those accusations to be without probable cause to believe PLAINTIFF possessed or had

4

knowledge of the recovered gun.

26. The DEFENDANT OFFICERS fabricated evidence and made false statements in sworn police reports and to prosecutors with the intent of exerting influence to institute judicial proceedings against the PLAINTFF. The false and fabricated testimony of the DEFENDANT OOFICERS resulted in his criminal conviction.

27. The misconduct described in this Count was undertaken with malice, willfulness, reckless indifference to the rights of the PLAINTIFF.

28. As a result of the above-described wrongful infringement of Plaintiff's rights, he has suffered financial and other damages, including but not limited to loss of normal life, prolonged incarceration and substantial mental stress and anguish.

## COUNT IV
## Indemnification

29. PLAINTIFF repeats, re-alleges and incorporates by reference the factual allegations above as fully set forth herein.

30. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

31. The Defendant Officers acted within the scope of their employment in committing the misconduct described herein. Therefore, Defendant City of Chicago is liable as their employer for any resulting damages or award of attorney's fees.

## REQUEST FOR RELIEF

32. Plaintiff, CARLOS CRUMPTON, respectfully requests that the Court:

    a. Enter a judgment in his favor and against all Defendants;

  b.  Award compensatory damages against all Defendants;

  c.  Award attorney's fees against all Defendants;

  d.  Award punitive damages against all Defendants; and

  e.  Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, CARLOS CRUMPTON, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

/s/ Jeffrey J. Neslund
JEFFREY J. NESLUND
Attorney for Plaintiff

Law Offices of Jeffrey J. Neslund
134 N. LaSalle Street, Suite 444
Chicago, Illinois 60602
(312) 223-1100